**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 10-4248**

───────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

IBRAHIMA SARR,

            Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Mark S. Davis, District Judge.  (2:09-cr-00119-MSD-DEM-1)

───────────────

Submitted:  October 6, 2010       Decided:  November 8, 2010

───────────────

Before KING, SHEDD, and DUNCAN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Brett D. Lucas, GABRIEL & ASSOCIATES, P.C., Virginia Beach, Virginia, for Appellant.   Neil H. MacBride, United States Attorney, Stephen W. Haynie, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ibrahima Sarr was convicted after a trial of one count of false impersonation of United States citizenship, in violation of 18 U.S.C. § 911 (2006). On appeal, Sarr claims (1) the district court abused its discretion in denying his motion for a continuance; (2) the court erred in denying his motion for judgment of acquittal; and (3) the evidence was insufficient to support the conviction. Finding no error, we affirm.

This court reviews the district court's denial of a motion for a continuance for abuse of discretion. United States v. Williams, 445 F.3d 724, 738-39 (4th Cir. 2006). "[E]ven if such an abuse is found, the defendant must show that the error specifically prejudiced her case in order to prevail." Id. at 739 (internal quotation marks omitted). A trial court abuses its discretion only when its denial of a motion for continuance is "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." Id. (internal quotation marks omitted). There being no justifiable request for delay, we conclude the court did not abuse its discretion in denying the motion for a continuance.

This court reviews "de novo a district court's denial of a motion, made pursuant to Rule 29 of the Federal Rules of Criminal Procedure, for judgment of acquittal." United

2

States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). We find no error in the court's decision denying Sarr's motion for judgment of acquittal.

A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "Substantial evidence is that evidence which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Cardwell, 433 F.3d 378, 390 (4th Cir. 2005) (internal quotation marks omitted). This court does not review the credibility of witnesses and assumes the factfinder resolved all contradictions in the testimony in favor of the Government. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002). We conclude there was substantial evidence supporting the jury's verdict.

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3